UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

|  |  |  |
|---|---|---|
| MAURICE ERBY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-171 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| JENNIFER KULA , | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

Plaintiff Maurice Erby, a prisoner incarcerated at Alger Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed *in forma pauperis.*  Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the $250.00 civil action filing fee within 30 days of this Opinion and accompanying Order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice.  Even if the case is dismissed, Plaintiff will be responsible for payment of  the $250.00 filing fee in accordance with *In re Alea*, 286 F3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis.*  As the Sixth Circuit Court of Appeals has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of

which are meritless–and the corresponding burden those filings have placed on the federal courts."

*Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place

economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For

example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in*

*forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. §

1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth

Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by

preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless

lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under [the section governing proceed-
> ings *in forma pauperis*] if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and

unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule

against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22

(5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed 20 civil actions.  The Court has dismissed three of Plaintiff's actions as frivolous or for failure to state a claim.  *See Erby v. Wolever*, No. 1:01-cv-432 (W.D. Mich. Aug. 1, 2001); *Erby v. MDOC*, No. 1:03-cv-49 (W.D. Mich. Mar. 10, 2003); *Erby v. Kula*, No. 5:04-cv-53 (W.D. Mich. May 10, 2004).  Moreover, Plaintiff's allegations do not fall within the exception to the three strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has 30 days from the date of entry of the accompanying Order to pay the entire civil action filing fee, which is $250.00.  When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the filing fee within the 30-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $250.00 filing fee.


|                          | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI:  | RICHARD ALAN ENSLEN |
| April 18, 2005           | UNITED STATES DISTRICT JUDGE |


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**