UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| MAURICE ERBY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-171 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| JENNIFER KULA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On April 18, 2005, the Court issued an Opinion and Order (Dkt. Nos. 4 & 5) denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the $250.00 civil action filing fee within thirty days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $250.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). More than thirty days have elapsed since the Court's Order requiring Plaintiff to pay the filing fee, and Plaintiff has not paid the fee. Because Plaintiff has failed to comply with the Order, dismissal of this action without prejudice is appropriate.

Plaintiff filed a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e), attacking the Court's Order denying him leave to proceed *in forma pauperis* (Dkt. No. 6). Because Rule 59(e) applies only to final judgments, the Court will construe Plaintiff's pleading as a motion

for reconsideration brought pursuant to FED. R. CIV. P. 54(b) and LCivR 7.4.  In his motion, Plaintiff first claims that one of the cases counted as a strike by the Court, *Erby v. Kula*, No. 5:04-cv-53 (W.D. Mich.), is not a strike because it was dismissed without prejudice for lack of exhaustion.  Plaintiff is mistaken.  The Court clearly dismissed Case No. 5:04-cv-53 as frivolous because it was barred by the doctrine of *res judicata*.  Because the case was dismissed as frivolous, it qualifies as a strike under § 1915(g).

Plaintiff further claims that Case No. 5:04-cv-53 should not have been counted as a strike because he has not yet completed his appeal in that case.  He cites two federal circuit courts which have held that a dismissal should not count against a petitioner until he has exhausted or waived his appeals.  *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  This Court is bound only by the decisions of the Sixth Circuit and the United States Supreme Court.  In the absence of a ruling from one of those courts, a case is considered a strike in this Court upon entry of final judgment dismissing the case as frivolous, malicious or for failure to state a claim.  This approach is consistent with the plain language of the statute and is reasonable considering the delay associated with an appeal and the unlikelihood that a prisoner will successfully appeal a case dismissed pursuant to the PLRA screening provisions.  Should Plaintiff succeed in his appeal, he may return to this Court and move to re-open his case.

In addition, Plaintiff argues that if his case is dismissed for failure to pay the filing fee, he should not be assessed the full $250.00 filing fee because the Court has not expended judicial resources in processing his case.  The Sixth Circuit explicitly rejected Plaintiff's argument in *In re Alea*, 286 F.3d at 380-81.  In holding that the dismissal of a prisoner's civil rights action pursuant

to the three-strikes provision did not obviate the requirement that prisoner pay the district court filing fee, the court stated:

> Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions--whatever their merit or disposition--will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints--thus taking much valuable time away from other non-frivolous litigation--without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*Id.* at 382. Therefore, Plaintiff's action will be dismissed and he will remain liable for payment of the civil action filing fee.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11. Because Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g), Plaintiff will be required to pay the $255 appellate filing fee in one lump sum.

An Order consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 9, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |